**In re RON FISHER, INC. Debtor.**

**Bankruptcy No. 2–89–03552.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Nov. 1, 1989.

Kenneth W. Parrill, Jr., Gahanna, Ohio, for debtor.

Arnold S. White, Columbus, Ohio, Chapter 7 trustee.

Donald A. Mullin, Columbus, Ohio, for GMAC.

ORDER ON MOTION TO LIFT STAY

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This cause came on for hearing on October 5, 1989 upon the Motion for Relief From Stay filed on behalf of GMAC and the Objection thereto by the Chapter 7 Trustee. This Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1334 and the General Order of Reference entered in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2).

GMAC seeks relief from the automatic stay in order to pursue its nonbankruptcy remedies as to the Debtor's 1985 GMC Cab and Chassis. The Trustee objects on the basis that GMAC failed to perfect its security interest on the body attached to the vehicle; the Trustee does not dispute the validity of the security interest on the cab and chassis. The Court having considered the evidence presented, the statement of counsel and the record, finds and concludes as follows:

On or about December 1, 1986, the Debtor agreed to purchase a 1985 GMC truck, Serial No. J8DM7A1N8F3104934. On December 9, 1986, the Debtor entered into a retail instalment sale contract with George Byers Sons, Inc. George Byers Sons, Inc. subsequently assigned the contract to GMAC. The contract provided that the Creditor was granted a security interest "in the vehicle being purchased and any accessories, equipment and replacement parts installed in the vehicle." The body was ordered by the Debtor and was attached to the vehicle before delivery of the vehicle to the Debtor on December 9, 1986. In due course, a Certificate of Title was issued, noting the first lien held by GMAC; the Certificate described the body type as "cab and chassis". Therefore, the Trustee asserts that GMAC does not have a perfected security interest in the body attached to the vehicle.

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 26, 1989. The balance due GMAC is approximately $20,500. The current wholesale value of the vehicle including the body, according to the October issue of NADA, is $12,750. Without the body, the chassis and cab have a current wholesale value of $10,250.00.

■ By virtue of the doctrine of accession, goods installed or affixed to other goods are subject to the interest of a creditor with a lien on the whole. *See,* 1 Am. Jur.2d, *Accession and Confusion,* § 4, et seq. (2d ed. 1989). However, there are certain exceptions. O.R.C. § 1309.33 provides as follows:

(B) A security interest which attaches to goods after they become part of a whole is invalid against all persons subsequently acquiring interests in the whole except as stated in division (C) of this section....

(C) The security interest described in [division] ... (B) of this section does not take priority over:

. . . . .

...

(2) a creditor with a lien on the whole subsequently obtained by judicial proceedings....

It is within this exception that the Trustee falls pursuant to § 544 of the Bankruptcy Code. Section 544(a) provides:

The trustee shall have, as of commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of ... (1) a creditor that extends credit to the debtor at the time of commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property in which the creditor on a simple contract could have obtained such a judicial lien whether or not such a creditor exists....

By virtue of this clause, known as the "strong-arm clause", the Trustee stands in the shoes of a judicial lien creditor and his interest in any accessions has priority over the competing interest of GMAC, pursuant to O.R.C. § 1309.33.

■ Notwithstanding the foregoing, the Trustee cannot defeat the rights of GMAC under § 362(d) to pursue its nonbankruptcy remedies. The Court must lift the automatic stay in a Chapter 7 case when there is lack of equity or lack of adequate protection; however, the Trustee must be allowed an opportunity to remove the body. In the alternative, the parties may collaborate on a sale of the vehicle, including the body. In that event, after deduction of the expenses of the sale, 19.5% of the net proceeds shall be remitted to the Trustee, and GMAC may retain the balance.[1]

1. This figure is derived from the evidence before the Court; the testimony established that the value of the vehicle without the body ($10,-

Accordingly, it is

Ordered and Adjudged that the Motion for Relief From Stay by GMAC is granted, and GMAC is authorized to pursue its non-bankruptcy remedies; provided, however, that the Trustee shall be afforded an opportunity within which to remove the body from the vehicle. In the alternative, the parties may collaborate on a sale of the vehicle. In that event, after deduction of the expenses of sale, 19.5% of the net proceeds shall be remitted to the Trustee, and GMAC may retain the balance of such proceeds.

IT IS SO ORDERED.

250) is 19.5% less than its value including the body ($12,750).